UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MERCK SHARP & DOHME      :    Civil Action 07-1596 (GEB)
PHARMACEUTICALS, SRL,
                         :

         Plaintiff,
                         :

         v.                **O P I N I O N**
                         :

TEVA PHARMACEUTICALS USA, INC.,
and TEVA PHARMACEUTICAL       :
INDUSTRIES, LTD.,
                         :

         Defendants.
                         :

_____

     This matter comes before the Court on a Motion [Dkt. Entry 125] for Taxation of Costs by Plaintiff Merck Sharp & Dohme Pharmaceuticals, SRL ("Merck") pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1.  Defendants Teva Pharmaceuticals USA, Inc., and Teva Pharmaceutical Industries, LTD., ("collectively Teva") oppose to Merck's motion.

     Merck commenced this action on April 3, 2007 for infringement of a certain U.S. Patent.

     The bench trial commenced on February 23, 2009 and concluded on February 26, 2009. The Court entered final judgment in this matter on August 19, 2009 [Dkt. Entry 123] in favor of Merck and against Teva concluding that Teva infringed certain claims of a patent.  Teva appealed to the United States Court of Appeals for the Federal Circuit which dismissed [134] the appeal on January

11, 2010.

## I.   **Standard Awarding Costs**

Under Federal Rule of Civil Procedure 54(d), a prevailing party is entitled to costs unless the court otherwise directs.[1] Rule 54(d)(1) creates a "'strong presumption' that costs are to be awarded to the prevailing party." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000) (quoting 10 MOORE'S *FEDERAL PRACTICE* § 54.101, at 54-149); *see also Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981).  If an Order or Judgment is silent as to costs, as it is in this matter, the natural reading of Rule 54(d) would lead one to conclude that a Judgment or Order allows costs because the court had not "otherwise directed."  *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F. 2d 219, 221 (7th Cir. 1988).

### a)   Prevailing Party

A party is a prevailing party when that party succeeds on "any significant issue in litigation which achieved some of the benefit sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

In the current matter, Merck is the prevailing party within

---

[1]     Fed. R. Civ. P. 54(d)(1) states in relevant part: "*Costs other than Attorney's Fees*. Unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party."

the meaning of Federal Rule of Civil Procedure 54(d).  *See Garonzik v. Whitman Diner*, 910 F. Supp. 167, 168 (D.N.J. 1995) ("A prevailing party is the one in whose favor of a judgment is rendered, regardless of whether the party has recovered its entire claim or a portion thereof.") (citing *Fahey v. Carty*, 102 F.R.D. 751 (D.N.J. 1983).

   b)   <u>Taxable Costs</u>

   As noted, Federal Rule Civil Procedure 54(d)(1) states "unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party."  28 U.S.C. § 1920 defines which costs are taxable:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees expenses, and costs of special interpretation services under section 1828 of this title.

   While a court has discretion as to which costs it grants, it many not shift costs beyond those found in § 1920 without express statutory authorization to do so.  *Adams v. Teamsters Local 115*, No. 99-4910, 2007 WL 2071897 *8 (E.D.Pa. July 17, 2007)(citing *Crawford Fitting Co. v. J.T.Gibbons*, Inc., 482 U.S. 437, 444-45 (1987).  Additionally, Local Civil Rule 54.1 "set[s] forth the

general rules . . . to follow in taxing costs" under § 1920.
Lite, *N.J. Federal Practice Rules,* Comment 4 to Rule 54.1, at 201
(Gann 2009 ed). Therefore, while a prevailing party is entitled
to costs under Rule 54 of the Federal Rules of Civil Procedure,
"those costs often fall short of the party's actual litigation
expenses." *In re Paoli*, 221 F.3d at 458 (citations omitted).

## II.   **Fees of the Clerk**

Merck requests reimbursement in the amount of $700.00 for
filing two complaints with this Court.  The required filing fee
under 28 U.S.C. § 1914(a) to file a civil action in the year 2007
was $350.00.  Teva does not object to this expense as allowable
taxed cost under 28 U.S.C. § 1920(1).  Therefore, the Clerk
allows **$700.00** as a taxable cost.

## III   **Fees for Service of Summons and Complaint**

Merck requests reimbursement of fees paid to a private
process server to serve the summons and complaint in this matter.
While Section 1921(1) explicitly authorizes taxation of costs of
the "clerk and marshal," this Court has further held that fees
paid to private servers of process (serving summons/complaint and
subpoena(s)) should be a taxable item.  *Hurley v. Atlantic City
Police Dep't*, No. 93-260, 199 WL 549298, at *8 (D.N.J. Sept. 17,
1996).  Teva does not contest this expense by Merck.  Therefore,
the Clerk permits the amount of **$200.00** as a taxable cost.

**IV**   **Fees for Printed and Electronically Recorded Transcripts**

a)   Trial Transcripts including *de bene esse* Deposition of Peter Barnes  Merck requests reimbursement for trial transcript costs in the amount of $1,907.73.  Teva does not object to the costs ($939.45) associated with a *de bene esse* deposition of Peter Barnes that was submitted to the Court as part of the trial record.  (Teva Opp'n at 3.)

Fees of the court reporter for printed or electronically recorded transcripts necessarily obtained for use in the case are taxable costs under 28 U.S.C. § 1920(2).  Pursuant to L. Civ. R. 54.1(g)(6), "the costs of a reporter's transcript is allowable only (A) when specifically requested by the Judge, master, or examiner, or (B) when it is of a statement by the Judge to be reduced to a formal order, or (C) if required for the record on appeal."  But as the comments to the Local Rules note, "the exceptions . . . are broad enough to cover essentially any situation where a transcript is actually used in or after a proceeding."  L. Civ. R. 54.1, cmt.4(d).

In the current case, the bench trial took several days to complete and the parties filed post trial "Proposed Findings of Fact and Conclusions of Law" with the Court.  Under these circumstances, taxation of costs is appropriate pursuant to 28 U.S.C. § 1920(2). See, e.g., Maris Distrib. Co. v. Anheuser-Busch, Inc., 302 F.3d 1207, 1226 (11th Cir. 2002).  Costs for

daily trial transcripts may be viewed as "ordinary litigation expenses" that are recoverable "' where essential to a large or complex cases.'"   *Ricoh Corp. v. Pitney Bowes, Inc.*, No. 02-5639, 2007 WL 1852553 at *3 (quoting L. Civ. 54.1 cmt.4).  Noting the complexity of this case, the Clerk permits the cost for trial transcripts as a taxable cost in the amount of **$1,907.73**.

    b)    <u>Deposition Transcripts</u>

    Merck requests reimbursement for twenty-five deposition transcripts taken in this matter in the amount of $46,883.37. Merck seeks to recover both the cost of typed deposition transcripts and electronically recorded depositions for the witnesses who testified at trial and witnesses who were designated by Merck and, [1] were entered into the record at trial pursuant to Federal Rule of Civil Procedure 32, [2] and/or were used for impeachment at trial, or, [3] were otherwise necessary for the trial in the case.  (McShane Decl.¶ 6.)  Merck refers to "designated" depositions where specific portions were filed with the Court for inclusion of the trial record, either during trial or in post trial submissions.  (McShane Reply at 2.) Merck asserts in its reply to Teva's Objections that it had "carefully reviewed the trial record . . . to ensure that the Bill of Costs only included costs for the electronically recorded transcripts of the depositions of those witnesses that appeared live at trial or whose depositions had been designated for

inclusion in the trial record." *Id.*

Fees of the court reporter for printed or electronically recorded transcripts necessarily obtained for use in the case are taxable costs. 28 U.S.C. § 1920(2). Section 1920 was amended in 2008, to include the electronically recorded transcripts as taxable costs, in addition to printed transcripts already included in the rule. Local Civil Rule 54.1(g)(7) states in relevant part,

> "In taxing costs, the Clerk shall allow all or part of the fees and charges incurred in the taking and transcribing of depositions used at the trial under Fed. R. Civ. P. 32. [2] Fees and charges for the taking and transcribing of any other deposition shall not be taxed as costs unless the Court otherwise orders."

Merck seeks to recover both the costs of videotaping and producing a printed transcript for certain depositions. The Clerk generally does not allow recovery of the costs of both the transcriptions and videotaping in the absence of a showing that both were necessarily obtained for use in the case. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442 (4th Cir. 1999)(finding prevailing party must show why both videotaped and printed transcripts are necessary for trial in order to recover for both formats). *See also Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471 (10 th Cir. 1997) (permitting video transcripts to be taxed

---

[2]   Fed. R. Civ. P. 32 governs use of depositions in Court proceedings such as at a trial or during a hearing of a motion "as to any part or all of a deposition, so far as admissible under the rules of evidence. . . ."

if necessarily obtained for use in the case as required by §
1920(2)).

Merck states that both the printed transcripts and
videotaped testimony were necessary to prepare for the trial and
to conduct direct and cross examination.  Additionally, according
to Merck, Teva played or attempted to play portions of the
videotaped depositions of at least five different witnesses
during opening statements.  (McShane Reply at 2.)

As noted above, Merck alleged that Teva infringed a certain
U.S. Patent.  Patent litigation often is very complex and
requires evidence from highly skilled individuals.  In addition,
the stakes are high for the parties in this type of litigation
because of the amount invested in research and development.
Consequently, a party has an obligation to conduct thorough
pretrial discovery.

Based on the evidence which Merck provided in its motion
papers, the Clerk finds the printed and electronically recorded
transcripts of depositions taken in this matter were necessarily
obtained for "use" in the case.  28 U.S.C. § 1920(2).  The Clerk
allows Merck to be reimbursed for these transcripts in the amount
of **$46,883.37.**

### V.    Witness Fees; Subsistence Expenses; Travel Expenses

a)    Deposition Witnesses

Merck requests reimbursement of $3,379.88 for expenses

8

incurred to depose witnesses in this matter.  Expenses include the statutory witness fee of $40.00 per day of attendance and travel and expenses to and from the place of attendance.  L. Civ. R. 54.1(g)(1) states in relevant part, "The fees of witnesses for actual and proper attendance shall be allowed . . . [t]he rates for witness fees, milage and subsistence are fixed by statute (see 28. U.S.C. § 1821)."  Under § 1821(d)(1),  a subsistence fee is allowed when an overnight stay is required, provided that the per diem rate does not exceed the rates established in 5 U.S.C. § 5702(a).

Merck has broken down each expense in Attachment 1 to form AO 133, and each expense complies with the statutory framework of § 1821.  Therefore, the Clerk allows the amount of **$3,379.88** as taxable costs for expenses incurred in deposing deposition witnesses.

b)   <u>Trial Witnesses</u>

Merck requests reimbursement of $9,905.18 for expenses incurred in this matter for witnesses called to testify at trial. Similar to their deposition witnesses, Merck has broken down the expenses for each trial witness as shown in Attachment 1 to AO form 133.  These expenses appear to comply with the statutory framework of § 1821.  Therefore, the Clerk allows the amount of **$9,905.18** as taxable costs for expenses incurred by witnesses who testified at trial.

9

**VI    Fees for Exemplification and Copies of Papers**

Merck requests reimbursement of $89,026.55 [3] for exemplification and copies of materials pursuant to 28 U.S.C. § 1920(4).  Fees for exemplification and the costs of making copies of any materials are taxable costs under 28 U.S.C. § 1920(4) where the copies are necessarily obtained for use in the case. Merck contracted with a number of outside vendors for preparation and presentation of evidence at trial.  For example, Merck states that the final pretrial order filed in this matter required counsel to copy trial exhibits and deposition designations and serve them upon the Court and opposing counsel. (McShane Reply at 5.)  Some courts have adopted a broad definition of "exemplification" permitting exemplification costs to include computerized multi-media systems when the presentation assists the fact finder.  *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427-429 (7th Cir. 2000).  Other courts have adopted a narrower definition of "exemplification" and have found that "a video exhibit or a physical model may not qualify as an 'exemplification' if it is essentially explanatory and argumentative, serving merely as an aid to the argument of counsel and the explanations of expert witnesses."  *Summit Tech, Inc. v. Nidek Co.* 435 F.3d 1371, 1375-1378 (Fed. Cir. 2006)

---

[3]    The Clerk calculates Merck's total reimbursement request for costs under § 1920(4) to total $89,026.49.  This is a six cents difference from Merck's total requested amount in its motion papers.

(quoting 10 MOORE'S *FEDERAL PRACTICE* § 54.103[3][d](3d ed.2005).

*See also Kohus v. Cosco, Inc.*, 282 F.3d 1355, 1359-1361 (Fed Cir.
2002) (holding that a video exhibit is not an exemplification
under § 1920).

Local Civil Rule 54.1(g)(10), takes a broad view of
reasonable expenses of preparation of demonstrative evidence to
be used at trial and of reasonably necessary for the fact-
finder's understanding of the case.  The Local Rule permits, as a
taxable cost, reasonable expense of preparing visual aids when
such aids are admitted into evidence.

> The reasonable expense of preparing visual aids
> including, but not limited to, maps, charts,
> photo-graphs, motion pictures and kindred
> material, is taxable as costs when such visual
> aids are admitted into evidence. **It is advisable
> to obtain a court order at a pretrial conference
> before incurring the expense of preparation of
> such visual aids**. Expenses incurred in the
> preparation of models are not taxable as costs
> even though the models are admitted into evidence
> without obtaining a court order before incurring
> the expense.   (emphasis added.)

Local Civil Rule 54.1(g)(10)

It is especially important in patent cases, because of
their complexity, to present evidence in a manner that can be
easily understood by a judge and jury.  The use of demonstrative
evidence at trial in these types of cases is therefore important
for the fact-finder.  In addition, § 1920(4)was expanded in 2008
to allow not only for "copies of papers necessarily obtained for
use in the case" but to include fees for  "making copies of any

materials where the copies are necessarily obtained for use in the case." While it would have been prudent for Merck to obtain a court order allowing expenses related to preparation of trial exhibits and demonstrative evidence to be a taxable cost, the Clerk does not penalize Merck for not doing so. Based on case law, the broad definition of L. Civ. R. 54.1(g)(10) and the recent amendment to § 1920(4), the Clerk finds Merck's preparation of demonstrative evidence and preparation of photocopies were necessarily obtained for use in the case.

The Clerk addresses below each expense requested by Merck under § 1920(4).

a)   Lighthouse Document Solutions

Merck requests reimbursement of $60,464.21 the amount Lighthouse Document Solutions charged for the preparation of documents that were identified for use at trial. According to Merck, it was required to produce over 2,000,000 pages of documents in this case. (McShane Reply at 7.) The Clerk allows the entire amount of **$60,464.21** as a taxable cost.

b)   IKON Office Solutions

Merck requests reimbursement of $2,100.00 paid to IKON for preparation of documents that were identified for use at trial. (McShane Decl. at 5.) The Clerk allows the amount of **$2,100.00** as taxable costs.

c)   William Lea

Merck requests reimbursement in the amount of $7,404.91 paid

12

to William Lea for the electronic clean-up and conversion of documents that were identified for use at trial. *Id.* The Clerk allows the amount of **$7,404.91** as taxable costs.

    d)    <u>DigiPat and MicroPatent</u>

Merck requests reimbursement of $319.41 paid to these two companies to procure copies of patent materials identified for use at trial. The Clerk allows the amount of **$319.41** as taxable costs. *Id.*

    e)    <u>Merrill Communications, LCC</u>

Merck requests reimbursement in the amount of $18,737.96 which was paid to Merrill for the preparation of documents presented at trial. *Id.* The Clerk allows the amount of **$18,737.96** as taxable costs.

### VII   Fees for Other Taxable Costs

    a)    <u>The Translation of the File History for Japanese Patent Application No. H03-33110</u>

Merck requests reimbursement of $250.00 for the translation of the file history which was reasonably incurred in connection with the prosecution of this case. The Clerk finds that the translation from Japanese to English of the patent file history was reasonably incurred in connection with the litigation. The Clerk  allows the amount of **$250.00** as a taxable cost.

    b)    <u>The Preparation of Certain Demonstratives</u>

Merck requests reimbursement of $2,100.00 for preparation of demonstratives exemplifying the various compounds claimed by the

473 patent.  These demonstratives were used in the direct and cross examination of several witnesses.  (McShane Decl. ¶ 18.) The Clerk finds that these demonstratives were obtained for use in the case.  The Clerk allows the amount of **$2,100.00** as taxable cost.

> c)  <u>Courtroom Multimedia Setup</u>

Merck requests reimbursement in the amount of $1,956.91 for the rental of multimedia equipment for use during trial. According to Merck, "both parties relied heavily on multimedia equipment to present evidence and explain the chemistry necessary to understanding the case."  (McShane Brief at 8.) The Clerk finds that the rental of multimedia equipment was reasonably necessary for Merck to present its case and to aid the Court's consideration of the patent case. *Thabault v. Chait*, No. 85-2441, 2009 WL 69332, at *3 (D.N.J. Jan. 7, 2009) (internal citations omitted).  The Clerk allows the amount of **$1,956.91** as taxable cost.

> d)  <u>Computerized Legal Research</u>

Merck requests reimbursement of $18,543.30 in connection with computerized legal research performed in this matter. Generally, federal courts may not grant costs unless such costs are authorized by Section 1920. *Crawford Fitting Co.*, 482 U.S. at 441  (holding that "§ 1920 defines the term 'costs' as used in Rule 54(d)").  Computerized legal research is not a listed item

14

for costs under 28 U.S.C. § 1920.  *Boyadjian v. Cigna Cos.*, 994
F. Supp. 278, 281-82 (D.N.J. 1998) (citing *Crawford Fitting*, 482
U.S. at 441; *W.Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 93
(1991)); but see *Ricoh Corp. v. Pitney Bowes*, *Inc.*, No. 02-5639,
2007 WL 1852553 (D.N.J. June 26, 2007) (allowing computerized
legal research expenses in a complex case as taxable costs).
Moreover, expenses paid by a party regarded as ordinary incidents
to litigation are generally not recoverable as taxable costs.

Accordingly, the Clerk disallows the expenses incurred by
Merck for computerized legal research conducted in this matter
because taxation of costs is limited to those costs enumerated in
Section 1920.[4]  Unlike the British courts, the American tradition
of awarding costs does not provide for total reimbursement for
litigation expenses.  *See In re Paoli*, 221 F.3d at 457-58,
(discussing the policy origins of Fed. R. Civ. 54(d) and 28
U.S.C. § 1920).

It should be noted, that expenses incurred for computerized
legal research may still be recovered under other statutory
provisions.  For example, courts have used attorney fee
applications under 42 U.S.C. § 1988 to determine what nontaxable
expenses related to attorneys' fees were authorized in a
particular case.  *Abrams v. Lightolier*, Inc., 50 F.3d 1204, 1224

---

[4]     Section 1920 was amended in 2008, amending subsections
(2) and (4).  This amendment did not add "legal research" as a
category for costs.

15

(3d Cir. 1995).  Similarly, in *United States v. Scheingold*, 293 F.Supp. 2d 447, 453 (D.N.J. 2003), cited in *Lite, N.J. Federal Practice Rules*, Comment 4(I) to L. Civ. R. 54.1 (Gann), the prevailing party filed a post trial motion for attorneys' fees in a federal tax matter which proceeded to trial.  In that case, the court granted attorneys' fees and costs under 26 U.S.C. § 7430 of the Internal Revenue Code, which provided for the award of litigation costs such as electronic research and postal expenses to a prevailing party in a suit against the Internal Revenue Service.

    e)   <u>Shipping Costs Related to Trial Exhibits</u>

Merck requests reimbursement of $23,570.48 for costs related to the shipping of materials identified for use at trial. (McShane Decl. § 20.)  Merck cites *Yong Soon Oh v. AT & T Corp.*, 225 F.R.D. 142, 154 (D.N.J. 2004), in support of its argument. In that case the Court, due to charges incurred in connection with the prosecution of a large class action suit, granted reimbursement for expenses involving postal, messenger, and express mail service.  However, the circumstances granting reimbursement of expenses in that case can be distinguished from the current matter.

Unlike the case before this Court, the *Yong Soon Oh* litigation was a class action matter.  As such, in that case, Plaintiffs' counsel filed a motion to approve the proposed

settlement class and for an award of attorneys' fees and
reimbursement of expenses from the "settlement fund."  In the
current matter, however, counsel is moving for taxation of costs
under Fed. R. Civ. P. 54 and 28 U.S.C. § 1920.  While in *Yong
Soon Oh* the costs for shipping trial exhibits were recoverable
under the class action process and the settlement fund, here,
there is no statutory authorization under § 1920 to allow such
recovery.  Thus, similar to the reasons given in denying
reimbursement for electronic legal research, the Clerk finds that
the shipping costs related to trial exhibits are not recoverable
under § 1920. The Clerk makes no findings as to whether or not
the shipping costs of trial exhibits requested by counsel in this
matter are recoverable under other statutory provisions not
before the Clerk.

    f)   <u>Equipment Rental</u>

Merck requests reimbursement for rental of photocopying and
similar-type of equipment in the amount of $11,084.78.  The Clerk
finds this expense was not "necessarily" incurred "for use in the
case" for purposes of § 1920.  Although the expense of
photocopying documents or materials is generally recoverable
under § 1920(4), the expense of renting of the equipment to make
the photocopies is generally not recoverable.

The Clerk denies the expense in the rental of photocopying
equipment as a taxable cost.

## VI.  The Following Expenses Allowable as Taxable Costs

| | |
|---|---|
| 1. Fees of the Clerk | $      700.00 |
| 2. Fees for Service of Process | $      200.00 |
| 3. Fees for Trial Transcripts | $   1,907.73 |
| 4. Fees for Depositions | $ 46,883.37 |
| 5. Witness(s) Fees | $ 13,285.06 |
| 6. Exemplification and Copies | $ 89,026.49 |
| 7. Other Taxable Costs | $   4,306.91 |
| 8. Costs that were Denied: a) Computerized Legal Research; b) Shipping Trial Exhs.; c) Rental of Photocopying Equipment. | $ (53,198.56) |
| **TOTAL** | **$ 156,309.56** |

For the reasons set forth above, motion of Plaintiff MERCK SHARP & DOHME PHARMACEUTICALS, SRL to tax costs against Defendants TEVA PHARMACEUTICALS USA, INC., and TEVA PHARMACEUTICAL INDUSTRIES, LTD. is hereby Granted in Part and Denied in Part.  An appropriate Order follows.

WILLIAM T. WALSH, CLERK

BY: S/John T. O'Brien
                Deputy Clerk

DATE:  March 31. 2010

18